Argued October 13, peremptory writ to issue November 5, 1971

RACHAU ET AL, *Petitioners, v.* BROWNTON,
*Defendant.*
490 P2d 170

*George M. Joseph,* Portland, argued the cause for petitioners. With him on the brief were Bemis, Breathouwer & Joseph, Portland, and Walter H. Sweek and Vergeer, Samuel, Roehr & Sweek, Portland.

*Carl G. Helm,* La Grande, argued the cause for defendant. With him on the brief were Helm & Wasley, La Grande.

TONGUE, J.

This is a mandamus proceeding to require a trial judge to set aside an order to "correct" a transcript of proceedings for the purposes of an appeal to this court.

By that "correction," the trial judge refused to include as a part of the record on appeal testimony offered at a hearing to reconsider the oral denial by him of a motion to set aside a default judgment. No written order had been entered denying that motion until after the proceedings at which the testimony in question was offered and rejected. At the time of that hearing the trial judge permitted the testimony to be taken as an offer of proof.

Petitioner (the defendant in that case) then filed a notice of appeal from both the default judgment and the order denying his motion to set aside that judgment. At the same time he filed a designation of record and requested the court reporter to prepare a transcript of the proceedings at the hearing at which that testimony was offered and rejected. The tran-

script of that proceeding was then prepared, served and filed.

The plaintiff in that case then filed a motion to "correct errors appearing in the transcript" by deleting the entire transcript of those proceedings. That motion was granted by an order entered by respondent (the trial judge). Petitioner then filed in this court a petition for an alternative writ of mandamus to require respondent to set aside that order and to include a transcript of such proceedings in the record for the purposes of his appeal to this court.[1]

In support of his answer to the alternative writ of mandamus respondent contends that the appeal taken by petitioner in this case is limited to "the order denying defendant's motion to set aside such default judgment"; that respondent denied that motion on July 20, 1970; that no appeal has been taken from the subsequent denial of petitioner's motion for reconsideration of that ruling, which is not an appealable order, and that the hearing on that subsequent motion had no relevance to or effect upon respondent's previous denial of the previous motion to set aside the default judgment and thus was properly deleted from the record on appeal in this case.

The difficulty with this argument is that it would completely overlook the fact that although the motion

[1] The petition for an alternative writ also included reference to the transcript of a previous proceeding following the original hearing on petitioner's motion to set aside the default judgment. No court reporter was present at that hearing. After the hearing petitioner had the testimony of a witness taken before the court reporter, but not in the presence of the court. The alternative writ as issued by this court, however, did not include reference to the transcript of those proceedings before the court reporter alone, but was limited to the subsequent proceedings at which the offer of proof was made at a hearing before the trial judge.

to set aside the default judgment was *orally* denied on July 20, 1970, no written order denying that motion was entered until October 19, 1970. The notice of appeal was from both the default judgment and "the order denying defendant's motion to set aside such default judgment, signed and entered on October 19, 1970." The hearing in question took place on September 14, 1970.

Until the trial judge entered the written order denying the motion to set aside the default judgment, defendant was entitled to request a reconsideration of the previous oral ruling. Upon being granted a hearing on that request and upon offering testimony at that hearing, which the trial judge rejected but permitted as an offer of proof, the record of that offer of proof was properly a part of the record on appeal from the subsequent written order denying the motion to set aside the default judgment. For that matter, it may be contended that the same result would follow even if the previous denial of that motion had been by written order, although it is not necessary to decide that question in this case.

Respondent also contends that under ORS 19.074 and 19.078 the circuit court, not this court, has sole and exclusive authority to determine the correctness of the transcript which comes to this court on appeal and to settle the transcript for purposes of appeal and that this includes the authority to delete "extraneous materials" and to omit "matters not properly includable in the transcript of the evidence."

Under ORS 19.074(2)(a) the appellant may serve and file "a designation of such parts of the proceedings and exhibits as he desires to be included in the record in addition to the trial court file." The

hearing before the trial judge in this case, at which an offer of proof was made and rejected, was such a "proceeding."

Under ORS 19.078(3) "* * * any party may move the trial judge for an order to correct any errors appearing in the transcript * * *." The authority of the trial judge under this statute to correct "errors," does not include authority to entirely delete an offer of proof made at a hearing in the presence of the trial judge, as in this case.

We do not decide in this case the extent to which such authority to correct "errors" may include authority to delete reference to matters which did not occur in the presence of the trial judge. The basis of our decision makes it unnecessary to decide petitioner's contention that an appellant is entitled to have anything transcribed by official court reporter included in the record on appeal, whether or not in the presence of the trial judge.

In any event, a transcript of the testimony in controversy in this case was duly certified by the official court reporter as the transcript of an offer of proof made at a hearing on September 14, 1970, in the presence of the trial judge. Accordingly, we hold that a peremptory writ of mandamus shall be issued directing respondent to set aside his order deleting the transcript of that proceeding and to enter an order including it in the record of the appeal involved in this case.

This decision is not to be construed as an expression of either disapproval or approval of the order by the trial judge denying petitioner's motion to set aside the default judgment. That question will be decided on appeal from that order and judgment.